# Richmond

## BOARD OF SUPERVISORS OF STAFFORD COUNTY, VIRGINIA V. C. O'CONOR GOOLRICK AND C. M. COWAN.

January 10, 1949.

Record No. 3399.

Present, Hudgins, C. J., and Gregory, Eggleston, Buchanan, Staples and Miller, JJ.

*R. H. L. Chichester* and *Coleman & Gibson*, for the plaintiff in error.

*C. O'Conor Goolrick* and *C. M. Cowan*, for the defendants in error.

HUDGINS, C. J., delivered the opinion of the court. ·

In 1926, Stafford county owned in fee a tract of land that it had acquired from the Richmond, Fredericksburg & Potomac Railroad Company. This land consisted of 1½ acres at the confluence of Acquia creek and the Potomac river, an old wharf, and a strip 80 feet wide formerly used as a public way and a railroad right of way extending from the wharf to Brooke station. The wharf was abandoned and thereafter the public way was used to a very limited extent.

The land was low, somewhat marshy, isolated but desirable for use in hunting ducks. No work has been done on the road either by the county or the Commonwealth since 1922. Confronted with this situation the board of supervisors, determined to, and did, cause the land to be divided into lots and strips and exposed to sale at public auction. A rough sketch, not drawn to scale, indicating how the land was divided, is filed herewith as a part of this opinion.

All of the eighty-foot strip extending southwest from Lot No. 1, along the Potomac river for 500 feet, was reserved as a public landing for loading and unloading "farm and forest products only," and the thirty-foot strip

was reserved for use as a public way. The six lots, with riparian rights on the Potomac river, and the two twenty-five-foot strips, lying on each side of the thirty-foot roadway, were offered for sale separately and then offered as a whole.

W. F. McColl, who owned all the lands bounding the tract offered for sale by the county, bought the entire tract for the sum of $2800. Later, McColl's interest was conveyed to C. O'Conor Goolrick and C. M. Cowan.

On June 6, 1947, the owners, pursuant to the provisions of Code of 1942 (Michie), sec. 2039(9), made application to the board of supervisors to discontinue the use of the thirty-foot strip as a public way. Their application was denied and, on appeal to the circuit court, a judgment was entered closing and discontinuing the use of the roadway. From this judgment the board of supervisors obtained this writ of error.

Appellant's main contention is that the trial court committed error in excluding evidence offered by it to show "that the road was used by the public for purposes other than the loading and unloading of farm and forest products."

The deed by which the property was conveyed to W. F. McColl reserved a thirty-foot strip for use as a roadway from the point marked "A" on the sketch to the point marked "B". It also reserved the entire width of the eighty-foot strip for 500 feet,—that is, from the point marked "C" to the point marked "B." This reservation of the 80 x 500 feet was made for the sole purpose of loading and unloading farm and forest products. The covenant in the deed in reference thereto is in the following language:

"To be used by the people of Stafford county for the loading and unloading of farm and forest products, and the purpose of such reservation having been announced by the auctioneer at said sale, the said party of the first part hereby expressly covenants with the party of the second part, his heirs, assigns and grantees, that said land so reserved shall be used only for the purpose set out above and this covenant shall run with the land."

■ The strip of land twenty-five feet wide lying on the east side of the thirty-foot strip reserved as a road was included in the conveyance of the land to W. F. McColl. Hence the only access that the county had to the Potomac river was across that part of the tract embraced within the 500 feet reserved. This reservation limited the county's right to the use of any part of this strip to one purpose, namely, to "load and unload farm and forest products." Any evidence tending to show it was used for any other purpose was irrelevant.

The specific question raised is, whether the evidence before the trial court was sufficient to justify it in ordering that part of the road discontinued.

Michie's Code of 1942, sec. 2039(9), provides that on appeal from the order of the board of supervisors, the circuit court "shall hear the matter *de novo*, * * *" and "shall ascertain, and by its order determine, whether said road or landing shall be discontinued. * * *"

The trial judge summarized the evidence introduced and the result of his own view of the premises as follows:

"* * * The court having viewed said portion of the road sought to be closed and described above, in company with attorneys for both plaintiffs and defendant, and being satisfied from said view and the evidence presented, that since the sale of said land to McColl, attrition by the waters of the Potomac River has rendered it physically impossible ever again to load and unload farm and forest products on said strip, and the court being satisfied that no land-owner or other person will be prejudiced by the closing of said portion of said road, the order heretofore entered by the Board of Supervisors is set aside, and application of said plaintiffs to close said portion of the road is granted, and said road is ordered to be closed and discontinued."

■ This is a fair summary of the evidence and fully supports the judgment of the trial court.

■ Appellant objected to that part of the order which required the road to be both closed and discontinued. Appellees concede that the language in the order is suscep-

tible of this construction and agree that a part of the order should be modified to read as follows:

"The order heretofore entered by the Board of Supervisors is set aside and application of said plaintiffs to discontinue said portion of the road is granted, and said road is ordered to be discontinued."

So modified, the judgment of the trial court is affirmed.

*Modified and affirmed.*